## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAN OCHEI,<br><br>Plaintiff,<br><br>v.<br><br>ALL CARE/ONWARD HEALTH CARE and HEALTH AND  HOSPITAL CORPORATION,<br><br>Defendants. | **ECF CASE**<br><br>**Case 07-Civ-00968 (PKC)(RLE)**<br>**Case 07-Civ-00969 (PKC)(RLE)**<br><br>**(Consolidated Cases)**<br><br><br>**AMENDED COMPLAINT**<br><br>JURY DEMAND |

### NATURE OF THE ACTION AND THE PARTIES

1.  This is an action to redress unlawful employment practices, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. §290 et seq. and the New York City Human Rights Law, ("NYCHRL"), N.Y.C. Admin. Code § 8 -101 et seq. on the basis of her sex, gender and national origin.

2.  Plaintiff Joan Ochei ("Ms. Ochei" or "Plaintiff") is an adult residing in New York County, New York.  Ms. Ochei is of African decent (Black) and she is from the nation of Nigeria. Plaintiff is also a member of the third largest ethic group living in Nigeria, the Ibo. The Ibo have their own distinct language and culture.

3.  Defendant All Care/Onward Health Care ("All Care") is business corporation doing business in the City of New York.  All Care provides temporary healthcare employees for temporary contract work with various hospitals and health care facilities throughout the City of New York.

1

4.  Defendant Health and Hospital Corporation ("HHC") is a department within the government of the City of New York. HHC is the governing body for all hospitals and other health care facilities operating under ownership of the City of New York, including, Renaissance Health Care Network Generations + Northern Manhattan Health Care Network.  Because HHC and Renaissance Health Care Network Generations + Northern Manhattan Health Care Network are one and the same, hereinafter they will be referred to as "HHC."

5.  Plaintiff was formerly employed at Renaissance Health Care Network Generations + Northern Manhattan Health Care Network through All Care.

## JURISDICTION AND VENUE

6.  This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1343 and 1367(a).

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) and because all causes of action accrued within New York County, New York.

8.  The plaintiff has satisfied all of the statutory prerequisites to filing suit in this Court.

9.  Plaintiff seeks an award of appropriate relief.

## FACTS

10.  Plaintiff has been employed by All Care since 1999 and she was assigned to various health care employees as a Licensed Practical Nurse.

11.  In 2000, Plaintiff was placed on assignment at the HHC facility known as Renaissance Health Care Network Generations + Northern Manhattan Health Care Network.

12.  Plaintiff's performance during her tenure was satisfactory despite the fact that she encountered numerous incidents of discrimination because of her national origin.

13.  From time to time, Plaintiff was transferred on short notice to other HHC facilities where she was not scheduled for assignment so that she would not gain preference for a permanent position for any open vacancies.

14.  From time to time, Plaintiff was notified that there was no work assignments available, thus, she earned no income on those days where she was not assigned employment although there was a need for Licensed Practical Nurses. Again, this was done so that she would not gain preference for a permanent position for any open vacancies.

15. For example, on numerous times and with the last event commencing on or about the latter part of December 2004, Plaintiff applied for a fulltime position with HHC.  HHC, through the unlawful conduct of Plaintiff's HHC manager, various artificial barriers were placed in a successful effort to prevent Plaintiff's application from being fully considered. Plaintiff application was denied in February 2005. Plaintiff's complaint to management about their failure to hire based on her national origin was denied.

16.  At various times, Plaintiff applied for full time employment; however, her application was rejected although she was well qualified.  The reasons given for HHC's refusal to hire Plaintiff was based on her various complaints of workplace harassment and ill treatment because of her national origin.

17.  From time to time Plaintiff was subject to derogatory remarks and comments based on her national origin from her fellow employees.  Plaintiff's complaints, however, were not acted on by management. Because of management's refusal and/or inaction, Plaintiff's fellow employees were empowered to continue with their unlawful behavior.

18.  For example, on November 1, 2005, Plaintiff was assaulted with a rolling cart by a male employee. The incident was the culmination of Plaintiff's rejection of the male employee's

sexual advances. Plaintiff filed a complaint with management; however, HHC refused to act on her complaint.

19.  Plaintiff's employment with All Care was also terminated on the instructions from HHC.

20.  All Care knew of Plaintiff's complaints as described in the preceding paragraphs, however, they choose not to employ Plaintiff

21.  Finally, on or about November 28, 2005, HHC terminated Plaintiff's employment and they also instructed its agent, All Care, who had full knowledge of the facts and circumstances of this unlawful act, to terminate Plaintiff's employment.

## COUNT ONE
## (TITLE VII)

22.  Plaintiff repeats and realleges every allegation in paragraphs 1 through 21of this Amended Complaint with the same force and effect as though fully set forth herein.

23.  Defendants HHC and All Care each employ more than 100 employees.

24.  At all relevant times, Defendants HHC and All Care were employers within the meaning of the Title VII.

25.  At all relevant times, Plaintiff was an "employee" within the meaning of Title VII.

26.  Defendants HHC and All Care's conduct, as alleged herein, constituted unlawful employment practices and unlawful discrimination on the basis of sex and national origin in violation of Title VII by refusing to hire Plaintiff based on her national origin and discriminated against Plaintiff by creating a hostile working environment based on her sex and national origin.

27.   Defendants HHC and All Care's conduct, as alleged herein, was carried out with

malice or reckless disregard for Plaintiff's right to be free from discrimination.

28.   As a result of HHC and All Care's unlawful conduct, Plaintiff has suffered and

continues to suffer injury, with resulting monetary and other damages, including without

limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and

attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages,

punitive damages, interest, and attorneys' fees and costs from Viacom under Title VII.

29.   As a further result of Defendants HHC and All Care's unlawful conduct, Plaintiff

has suffered and continues to suffer, among other items, impairment and damage to her good

name and reputation, emotional distress, mental anguish, emotional pain, suffering,

inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is

entitled to recover damages for such injuries from Viacom under Title VII.

## COUNT TWO
### (NYSHRL)

30.  Plaintiff repeats and realleges every allegation in paragraphs 1 through 29 of this

Amended Complaint with the same force and effect as though fully set forth herein.

31. At all relevant times, Defendants HHC and All Care were an "employer" within the

meaning of the NYSHRL. N.Y. Exec. Law § 290 et seq.

32.  At all relevant times, Plaintiff was an "employee" within the meaning of the

NYSHRL and a "person" within the meaning of the NYSHRL.

33.  Defendants HHC and All Care's conduct, as alleged herein, constituted unlawful

discriminatory practices and unlawful discrimination on the basis of on the basis of sex and

national origin in violation of the NYSHRL by refusing to hire Plaintiff based on her national

origin and discriminated against Plaintiff by creating a hostile working environment based on her

sex and national origin.

34.  As a result of Defendants HHC and All Care's unlawful conduct, Plaintiff has

suffered and continues to suffer injury, with resulting monetary and other damages, including

without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest

and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages,

from HHC and All Care under the NYSHRL.

35.  As a further result of Defendants HHC and All Care's unlawful conduct, Plaintiff has

suffered and continues to suffer, among other items, impairment and damage to her good name

and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience,

loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to

recover damages for such injuries from HHC and All Care under the NYSHRL.

**COUNT THREE**
**NYCHRL**

36. Plaintiff repeats and realleges every allegation in paragraphs 1 through 35 of this

Complaint with the same force and effect as though fully set forth herein.

37.  At all relevant times, Defendants Viacom and Spherion were an "employer" within

the meaning NYCHRL. N.Y.C. Admin. Code §8 -101 et seq.

38.  At all relevant times, Plaintiff was an "employee" within the meaning of the

NYCHRL and a "person" within the meaning of the NYCHRL.

39.  Defendants HHC and All Care's conduct, as alleged herein, constituted unlawful

discriminatory practices and unlawful discrimination on the basis of sex and national origin in

violation of the NYCHRL by refusing to hire Plaintiff based on her national origin and

discriminated against Plaintiff by creating a hostile working environment based on her sex and national origin.

40.  As a result of Viacom' unlawful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary and other damages, including without limitation lost wages, lost back pay and front pay, lost bonuses, lost benefits, lost interest and attorneys' fees and costs. Plaintiff is entitled to recover such monetary and other damages, from Defendants HHC and All Care under the NYCHRL.

41.  As a further result of Viacom' unlawful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, and lasting embarrassment and humiliation. Plaintiff is entitled to recover damages for such injuries from Defendants HHC and All Care under the NYCHRL.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests judgment as follows:

(A) On Count One, enter a judgment declaring the acts and practices of the Defendants to be in violation of the Title VII.

(B) On Count One, award Plaintiff as against the Defendants loss wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of said Defendants' unlawful discrimination, unlawful harassment, in accordance with Title VII and other supporting laws.

(C) On Count One, award Plaintiff as against the Defendants consequential damages for losses resulting from Defendants' unlawful discrimination and unlawful harassment in

accordance with Title VII and other supporting laws.

(D) On Count One, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with Title VII and other supporting laws.

(E) On Count One, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees, in accordance with Title VII and other supporting laws.

(F) On Count Two, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYSHRL.

(G) On Count Two, award Plaintiff as against Defendants loss wages, including without limitation back pay, front pay, bonuses, benefits, and interest lost as a result of said Defendants' unlawful discrimination, unlawful harassment, in accordance with the NYSHRL.

(H) On Count Two, award Plaintiff as against Defendant consequential damages for losses resulting from Defendants' unlawful discrimination and unlawful harassment in accordance with the NYSHRL.

(I) On Count Two, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYSHRL.

(J) On Count Two, award Plaintiff as against Defendants the cost of this action, together with reasonable attorneys' fees, in accordance with the NYSHRL.

(K) On Count Three, enter a judgment declaring the acts and practices of Defendants to be in violation of the NYCHRL.

(L) On Count Three award Plaintiff as against Defendants consequential damages for losses resulting from Defendant's unlawful discrimination in accordance with the NYCHRL.

(M) On Count Three, award Plaintiff as against Defendants compensatory damages for, among other items, injury, impairment and damage to her good name and reputation, emotional distress, mental anguish, emotional pain, suffering, inconvenience, loss of enjoyment of life, lasting embarrassment and humiliation, and other pecuniary and nonpecuniary losses, in accordance with the NYCHRL.

(N) Grant Plaintiff such other and further relief as may be necessary and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all issues triable by jury.

Dated: New York, New York
March 14, 2008

By: _____
LOCKSLEY O. WADE, ESQ.
LAW OFFICE OF LOCKSLEY O. WADE, LLC
15  W. 39th Street, 3rd Floor
New York, NY 10018
(212) 933-9180
(212) 253-4142 (facsimile)
lwade@lwade-law.com
*Attorney for the Plaintiff*

9