UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOAN OCHEI, | |
| Plaintiff, | OPINION & ORDER |
| - against - | 07 Civ. 0968 (PKC) (RLE) |
| ALL CARE ONWARD HEALTH CARE, et al., | |
| Defendants. | |

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

*Pro se* Plaintiff, Joan Ochei, filed a suit against All Care Onward Health Line and Health and Hospital Corporation (together, "Defendants") alleging violation of Title VII, 42 U.S.C. § 2000 *et seq*., as well as the New York State and New York City Human Rights Laws. Pending before the Court is Plaintiff's June 20, 2008, application for appointment of counsel. For the reasons set forth below, Ochei's application is **DENIED.**

## II. DISCUSSION

Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." In determining whether to appoint counsel for an indigent civil litigant, the Court considers numerous factors and "exercises substantial discretion, subject to the requirement that it be guided by sound legal principles." *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 171-72 (2d Cir. 1989) (citations omitted). The Court's first inquiry is whether Plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir.1994). If the Court finds that a plaintiff cannot afford

counsel, it must then examine the merits of the case and "determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers,* 802 F.2d 58, 61 (2d Cir. 1986). Once an initial determination has been made as to indigence and merit, the Court has discretion to consider the following factors: 1) the indigent's ability to investigate the crucial facts; 2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the factfinder; 3) the indigent's ability to present the case; 4) the complexity of the legal issues; and 5) any special reason why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61-62.

Ochei's application for *in forma pauperis* status is pending, and the Court has little basis to assess the substance of her claims. Nevertheless, appointment of counsel is unnecessary upon consideration of the additional *Hodge* factors. While the case will likely rely primarily on an assessment of credibility and conflicting evidence, which implicates the need for cross-examination, and tends to recommend the appointment of counsel, *see Hodge*, 802 F.2d at 61 (*citing Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)), Ochei has, without the aid of counsel, demonstrated her ability to advocate on her own behalf. Before the commencement of this case, Ochei duly filed charges with the New York State Division of Human Rights (Letter from Jamie M. Zinaman, July 11, 2008, at 2) and two complaints with this Court, (*id*. at 1). She has researched her own case and admits that she seeks appointment of counsel neither because of the complexity of her case nor her inability to present it, but because her personal commitments make it difficult to devote the necessary time. (Tr. of Civil Cause of Conference, Nov. 15, 2007, at 7.) Though the Plaintiff's situation merits sympathy, it does not rise to the level of "special reason" under *Hodge*. After review of the Plaintiff's application in light of the aforementioned

2

principles, and because Ochei's claims do not appear so complex that she cannot be afforded a just determination without legal representation, the Court finds that the appointment of counsel is not warranted at this time.

### III. CONCLUSION

For the foregoing reasons, Ochei's application for appointment of counsel is **DENIED** without prejudice.

**SO ORDERED this 31st day of July 2008**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**